UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANA MARSH,<br><br>      Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>      Defendant. | Case No. 5:16-cv-03354-EJD<br><br>**ORDER DENYING MOTION TO CONSOLIDATE**<br><br>Re: Dkt. No. 39 |

Defendants and well-known credit reporting agencies Experian Information Solutions, Inc. and, where named, Equifax Inc. (collectively, the "CRAs"), move under Federal Rule of Civil Procedure 42(a) for an order consolidating the above-entitled action with over one hundred other cases pending in this district, all of which share a common plaintiff's lawyer and arise from similar legal theories and factual allegations concerning inaccurate or misleading credit reporting. The court has received written opposition to the motion.

This matter is suitable for decision without oral argument, and the associated motion hearing is therefore VACATED. Civ. L.R. 7-1(b). As to the arguments raised in the CRAs' motion, the court finds, concludes and orders as follows:

1.   Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court," those actions may be coordinated through "a joint hearing or trial of any or all the matters in issue in the actions," through consolidation, or by any other

1   method designed "to avoid unnecessary cost or delay." "The district court has broad discretion
2   under this rule to consolidate cases pending in the same district." Investors Research Co. v.
3   United States Dist. Ct. for Cent. Dist. of California, 877 F.2d 777 (9th Cir. 1989); accord Young v.
4   City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995) ("We have found no cases, however, in
5   which a court's refusal to order consolidation has been overturned."); Garity v. APWU Nat'l
6   Labor Org., 828 F.3d 848, 855-56 (9th Cir. 2016) ("[D]istrict courts have 'broad discretion' to
7   consolidate complaints, . . . but is not required to, consolidate actions . . . ."). To determine
8   whether consolidation is appropriate, the district court "weighs the saving of time and effort
9   consolidation would produce against any inconvenience, delay, or expense that it would cause."
10  Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).

11      2.   The CRAs argue that because of their similarities, consolidation of all cases before
12  one judge "will result in substantial savings of time and expense for the Court and the parties."
13  The court, however, disagrees that the potential positive effects of consolidation outweigh the
14  negative ones. While it is true, as the CRAs point out, that Plaintiff's counsel has employed
15  largely identical, formulaic pleadings in each of the several cases filed in this district, that fact
16  does not strongly favor consolidation under these particular circumstances. Despite the way they
17  are presented by counsel, the undersigned's extensive experience with these actions has revealed
18  that the specific factual allegations relevant to each individual plaintiff's claims is unique enough
19  such that consolidation before one judge would not result in substantial benefit. Indeed, doing so
20  would unnecessarily inconvenience and overburden one member of this court. Moreover,
21  consolidation of all the actions for joint discovery and other pre-trial matters would inevitably
22  delay resolution of those simpler ones that do not require either extensive discovery or case
23  management.

24      3.   Furthermore, it is worth noting that the actions have not been related according to
25  Civil Local Rule 3-12, which in this district seems a necessary precursor to consolidation. Also,
26  the undersigned and several colleagues have already made efforts to coordinate their own cases to
27  the extent possible with jointly-schedule motion hearings, case management conferences, and trial

dates to increase efficiency and convenience, and to minimize costs and other burdens.

Thus, having considered the relevant factors, the court finds that consolidation of the cases identified by the CRAs would not satisfy the purpose of Rule 42(a), particularly when individual judicial efforts are already being made to avoid unnecessary cost and delay. Accordingly, the CRAs' motion is DENIED.

**IT IS SO ORDERED.**

Dated: February 6, 2017



EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-03354-EJD
ORDER DENYING MOTION TO CONSOLIDATE

3